IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02228–MSK–KMT

MICHELLE FELIX,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

## ORDER

This matter is before the court on the "Opposed: Plaintiff's Motion to [sic] For Leave to Quash the Taking of Her Deposition by the Defendant pursuant to F.R.C.P. 9 [sic] rule 16 (b)(4)" (Doc. No. 55, filed June 18, 2009).

On March 24, 2004, this court held a Scheduling Conference at which it set dates for depositions in this matter. (Doc. Nos. 36, 37, 40.) Plaintiff's deposition was to be taken in the last two weeks of May. (Doc. No. 37.) On June 2, 2009, Defendant filed a motion to set alternate deposition dates for Plaintiff's deposition and for depositions to be taken by the plaintiff. (Doc. No. 47.) Defendant's counsel stated he had advised Plaintiff in a letter that he would be unable to take depositions on the previously designated days and suggested alternate dates for her deposition. (*Id.*) Plaintiff opposed Defendant's attempts to take her deposition and to reschedule other depositions. (*Id.*)

On June 4, 2009, this court granted Defendant's motion to set alternate deposition dates and ordered the parties to confer to reach mutually agreeable alternative deposition dates and to file a status report no later than June 10, 2009, advising the court of the new dates. (Doc. No. 49.) On June 10, 2009, the parties filed a status report setting forth new deposition dates. (Doc. No. 52.) The status report was signed by both parties and stated that the "parties have agreed" to the new deposition dates. (*Id.*) The court notes the discovery cut-off is September 24, 2009, and the depositions are scheduled to conclude on July 20, 2009, the newly-scheduled date of Plaintiff's deposition. (*See* Doc. Nos. 37, 52.)

Plaintiff now seeks reconsideration of this court's order granting the motion to set alternative dates and an order quashing her rescheduled deposition, stating: (1) the court approved Defendant's motion without waiting for a response from the plaintiff; (2) Defendant's motion did not state good cause; (3) Defendant did not file a motion to reschedule the plaintiff's deposition before the expiration of the date on which he was supposed to take the plaintiff's deposition; and (4) Defendant "missed his chance to depose the Plaintiff," and should not be given the opportunity to reschedule it. (Doc. No. 55.)

First, to the extent Plaintiff objects to this court's ruling on the defendant's motion prior to her filing a response, pursuant to D.C.COLO.LCivR 7.1, a judicial officer may rule on a motion at any time after it is filed. Second, the court finds the defendant <u>did</u> state good cause for needing to reschedule the depositions. In addition, the court finds Defendant did make reasonable efforts to reschedule the depositions, including offering to accommodate the rescheduling of the depositions to be taken by Plaintiff. Third, the court finds Defendant did fail

2

to file a motion prior to the deadline for taking Plaintiff's deposition. However, the plaintiff was in no way prejudiced by this failure. Plaintiff's remaining argument that Defendant "missed his chance to depose the plaintiff" is without merit.

Accordingly, "Opposed: Plaintiff's Motion to [sic] For Leave to Quash the Taking of Her Deposition by the Defendant pursuant to F.R.C.P. [sic] rule 16 (b)(4)" is DENIED. Plaintiff is ORDERED to attend her properly noticed deposition as scheduled on July 20, 2009. If Plaintiff fails to do so, pursuant to D.C.COLO.LCivR 41.1, the court may issue an order to show cause why this case should not be dismissed for lack of prosecution and failure to comply with orders of the court.

Dated this 22nd day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge